First case for today is 2015-40227 United States v. Jose Graciano-Gracia-Cantu Good morning. May it please the court. Kayla Gassman for the appellant Jose Gracia-Cantu. The issue before the court is whether Mr. Gracia's prior conviction for Texas assault family violence qualifies as a crime of violence under 18 U.S.C. section 16. Could I ask if you were to win, and I'm not foreshadowing, he would have already last year been eligible under the guidelines that would be applicable. Isn't that right, to get out? Or what do you think? So what I believe, Judge Elrod, you're asking is whether he could be out now. Well, it just seems that he would have been out maybe as early as February of 2017 if you prevailed today. So I'm asking, are you going to get any relief even if you win today? Yes. Which is not a negative question to start off with, and I'm not foreshadowing that. I understand, but yes, what actually happened, so Mr. Gracia received a 41-month sentence under the guidelines with the 8-level enhancement that we argue is incorrect. But at the same time, he received a 24-month consecutive sentence on a revocation. So right now he's eligible for relief, I believe, in June 2019, so he still has about 15 months left. Okay, 15 months on the current sentence. Yes. So maybe that didn't add on the revocation. Yes, exactly. And so he would have some relief if you prevailed. Yes. Although I did want to point out this case has been held multiple times for various things, and so it would need to be decided somewhat expeditiously in order for him to get relief. But the answer to your question is yes. The offensive issue here is a Texas assault family violence, and the elements of that offense are causing bodily injury to another person who has one of the listed, specified relationships to the defendant, including being in a dating relationship, being a family member, being a household member. This offense is usually a misdemeanor, but Mr. Gracia's offense was enhanced to felony punishment because he had a prior conviction for the same thing. The question in this case is whether that offense qualifies under either Section 16A or 16B. The offense does not qualify under the use of force clause of Section 16A because this court's precedent holds that it does not. In Villegas-Hernandez, this court held that Texas assault does not have the use of force as an element because it's premised on causing bodily injury, and injury can result from many acts that are not force, including things like poison. Also pointed the court towards multiple cases in Texas that show that causing injury is not the same as using force, including assault prosecutions for things like putting bleach in an IV or transmitting HIV through consensual sexual contact or sending a tweet that caused a victim to have a seizure. The government has argued that the Supreme Court's opinion in United States v. Castleman overrules this precedent, but this court has now twice rejected that exact argument, first in Rico Mejia, which is in the briefing, and again earlier this week in Reyes-Contreras, which I submitted in a 28-J letter. So automatically, under our precedent, you believe you're entitled to prevail on the 16A argument? Yes, exactly. And so then you get to the 16B argument? Yes. So the question under 16B is whether this offense, by its nature, has a substantial risk that physical force will be used during the commission of the offense. Two things I think are important to keep in mind about this analysis. The first is that the level of force is still violent and destructive physical force. And second, that this analysis is still a categorical analysis that's focused on the elements of the offense and not the facts of the specific conduct. Now what this means is that to qualify under 16B, an offense must always have a substantial risk that violent or destructive physical force will be used during the course of committing the offense. With these standards in mind, the Texas assault offense does not qualify under 16B, again, because it's premised on causing bodily injury, and it's premised on causing minimal bodily injury, which can result from either minor physical contact or indirectly without any physical contact at all. This shows that the elements of the Texas offense are broad enough to include many instances of committing the offense that do not have a substantial risk of violent force. Again, as we discussed a little bit, the Texas assault offense is based on causing injury, not on forceful conduct. So the cases involving things like putting bleach in an IV, transmitting HIV, sending a tweet, those cases have no risk of violent and destructive physical force. And in addition to that, Texas defines bodily injury very broadly to include any minor physical pain or injury. And Texas cases specify that things such as grabbing around a waist or grabbing a wrist and causing a bruise are sufficient to constitute bodily injury in Texas. But those injuries do not require conduct that rises to the level of the violent conduct that's necessary for an offense to be a crime of violence. On this point, I would actually direct the Court to Castleman, which the government has argued overrules the causation of injury precedent. Because in Castleman, the Supreme Court was addressing use of force clause in the context of defining misdemeanor crimes of domestic violence. And in that specific context, the Court held that a lower level of force was sufficient, that specifically a mere offensive touching, which includes indirect causing of injury, would suffice. But the Court specifically distinguished that context from the more substantial level of force that's required for a crime of violence, which is violent force. And in that discussion, the Court specifically discussed things like grabbing or shoving or squeezing an arm and causing a bruise as actions that would qualify under the lesser standard for an offensive touching but would not qualify as violent and destructive force for a crime of violence. Whereas the Texas cases make clear that those kinds of minor physical injuries do qualify as bodily injury. Did the government argue all of these alternatives so that you have to prevail on all of them, or did they not bring up to the district court? So part of the difficulty with this case having been held for so long is that there have been a lot of changes in the law while the appeal was pending. I believe that the government did raise Castleman and the argument that Castleman overruled the use of force precedent in the district court. 16A. Yes, for 16A. But I'm wondering, do they make the 16B argument? Because we had that a few months ago in that case that had the short opinion where whether the government had actually made the argument was a big part of that oral argument in that case. I believe you might be referring to Fennel? Yes, that's exactly what I'm referring to. My understanding of that case is that the government actually lost in the district court in that case, which put the parties in a different position. Right, they did lose, but there was an issue as to whether they had actually advanced all the different theories under which the sentence could be upheld. So I'm asking, you're not arguing to us today that they haven't advanced a 16B argument, are you? I'm not. I'm not, and the reason why I'm not is, as I said, the law has changed a lot, so the arguments that were presented to the district court have been changed a lot by the evolving precedent from this court. So for you to prevail, do you have to convince us on 2201b-2 about whether it's an essential element or an enhancement? Do you have to win that? Not necessarily. How do you win without doing that? I don't think the court necessarily has to reach that specific issue. I do think it's a relevant point, but the issue before the court on the 16B analysis is whether this offense always has a substantial risk of violent and destructive physical force. I don't think the court would have to reach whether the prior conviction that enhanced Mr. Agassi's offense to felony punishment is a sentencing enhancement or an element of the offense to make that determination. I have advanced that. I do think it's supportive of my argument that it is a sentencing enhancement or should be treated as a sentencing enhancement, but I don't think it's a necessary issue for the court to reach. Okay. And the reason why I think it is helpful to my argument is because the government has relied quite heavily on the argument that this is a domestic violence offense in arguing that it qualifies under Section 16B, but when we actually look at what the elements of this offense really are, it's easily distinguishable from the cases in which this court has held that domestic violence offenses qualify under 16B. I think the most on-point case is Sanchez-Espinal, which did hold that, I believe, a New York criminal contempt statute qualified and discussed that offense as a domestic violence offense, but the court discussed two specific things about that offense that made it qualify under 16B. First, that there was an element that a court order of protection had to have been violated, and second, that because there had been a court order of protection, that indicated there was a prior assaultive relationship between two specific people, such that a confrontation between them would always have a risk of violent force, but neither of those things is present with the Texas offense. There's no element that there's any court order of protection that's been violated, and there's no element indicating that there must be a particularly assaultive relationship between two specific people, and here's where I think the sentencing enhancement is perhaps irrelevant because even though Mr. Gracia's offense was enhanced to felony punishment because of a prior conviction, that should be treated as a sentencing enhancement, and this court has recently made clear that a sentencing enhancement is not an element of the offense for purposes of the categorical analysis. So my argument is that prior conviction really has no relevance to defining what the offense is, but even if it did, the prior conviction is not required to involve the same victim as the second conviction. So there must be one conviction that involves a victim with one of the specified relationships, a family member, household member, or a romantic partner, and the second conviction must involve a victim with one of those specified relationships, but there's certainly no requirement that it be the same victim. So Sanchez-Espinal's analysis premised on there being a particular discordant history between two people is just not present in the elements of this offense, whether or not that prior conviction is treated as a sentencing enhancement. Two other questions that I have have to do with does language in Gonzales-Lingoria bode ill for you in any respect, and the second question is, assuming that the court were to decide that Castleman did change, would you automatically lose? So on the first question, no, I don't think Gonzales-Lingoria does bode ill for me. In some ways, I actually think it's helpful to me. So first, the Gonzales-Lingoria court does discuss this offense as one that would naturally have a risk of use of force, but that analysis came entirely in discussing the notice component of the vagueness analysis. The merits of the issue were not briefed to the Gonzales-Lingoria court, and the government actually, in its brief in this case, conceded that Gonzales-Lingoria did not reach the merits of this issue. And the way I think that language is somewhat helpful is that Gonzales-Lingoria, to rescue 16b from vagueness, distinguished the analysis in 16b from the ACCA analysis that is vague and said it is a more definite and more bounded analysis. So rather than imagining this hypothetical, ordinary case, what the court looks at is, based on the elements of the offense, does the offense always have a substantial risk of the use of violent force? So it made clear that that analysis is much more bounded than the ACCA analysis. And on the second question, no, I do not automatically lose if the court were somehow to decide that Castleman overruled the 16a precedent, because, as Texas defines bodily injury, so minimally that it can result from actions that do not rise to the level of violent force. So even if causing injury could be forced, it would still require violent force. And here that can be things like pushing, grabbing a wrist, which is not sufficient to rise to the level of violent force. I will just briefly note that we have preserved the argument that the offense can't qualify under 16b because 16b is vague, which is, of course, foreclosed in the Fifth Circuit by Gonzales-Lingoria, but remains continually pending in the Supreme Court. So if the Supreme Court did hold that 16b was vague, we have preserved that argument in this case. I will preserve my time for rebuttal if there are no questions. Thank you, Counsel. Thank you. Good morning, and may it please the Court. Andrew Gould for the United States. I apologize for my voice. This is a going-away present from my 1-year-old son. Texas assault family violence qualifies as a crime of violence under both 18 U.S.C. Sections 16a and b, and so the District Court properly applied the aggravated felony enhancement under 2L1.2b1c. Standing here today, the simplest path for this Court would be to affirm on 16b grounds because, in Gonzales-Lingoria, this Court has held that 16b is not unconstitutionally vague, and the ordinary case of Texas assault family violence entails a substantial risk that force will be used in the course of committing the offense. But like my friend said, we're all waiting for Garcia de Maya. The government, my office, wants an opinion in Garcia de Maya as much as I think my friend does, and we recognize the possibility that 16b is ruled unconstitutionally vague, and that is why we continue to press these 16a arguments. And so with the Court's permission, I'd like to proceed first by explaining why this does qualify under 16a, and then I'll address 16b. Of course, I'm happy to address them in either order. The Court knows the government's argument. It's not unique to this case. Castleman abrogates this Court's precedent distinguishing between statutes requiring the causation of bodily injury and those requiring the use of force. We recognize Rico Mejia. Rico Mejia rejects that argument. And just two days ago, Reyes-Contreras reaffirmed Rico Mejia under the rule of orderliness. But as I explained in my response, what Reyes-Contreras did not rule on is whether Rico Mejia itself violates the rule of orderliness. We understand, to go back to our argument in November, that this is a bold argument, but we stand by it. You've made it multiple times. It's not this orderliness thing is not unique to this case. Absolutely not, Judge Elrod. If we were going to, I mean, orderliness, we keep saying Rico Mejia is the right call, I mean, under our rule of orderliness. And you said it's out of order. Suddenly, wouldn't a panel have addressed that it was out of order if the panel would incline? I can't explain why the panel didn't address it. And in candor to the Court, I looked at the briefing in Reyes-Contreras, which also arose out of the Southern District of Texas. We did make the same rule of orderliness argument there. But for whatever reason, the panel chose not to address it. And this Court's precedent states that matters not addressed by a panel are not precedent. This is the Howell argument in all of this. This is the Howell and Mendez Enriquez argument. And so let me – if I may, let me explain why the government believes that Rico Mejia was wrongly decided, because that plays into the rule of orderliness argument, which I do think this Court could rule upon. Castleman proceeds in two parts. There is Part 2A and Part 2B. And Judge Jones's concurrence in Reyes-Contreras understands this. Part 2A is talking about the quantum or the degree of force. And that is where the Supreme Court states that mere offensive touching, while it does not qualify as violent force in the ACCA context, it does in the common law under the common law definition, which the Supreme Court held did apply to the misdemeanor crime of domestic violence. There in 2A you have the footnote 4, where the Court recognizes that multiple courts, including the Fifth Circuit, have held that mere offensive touching does not rise to the level of violent force in the context of 18 U.S.C. 16. And nothing in today's holdings casts that into doubt. We are not here today claiming that mere offensive touching qualifies. Texas assault under 2201A3 is mere offensive touching. We are here under A1, bodily injury assault. And that gets to Part 2B. Part 2B is about what it means to use force. And in Part 2B the Court explains that the causation of injury is still a use of force. When they're explaining that, they also recall Curtis Johnson, the 2010 Supreme Court opinion. That is not in the misdemeanor domestic violence context. They use that to explain why this poisoning example does not fly. This rationale applies more broadly. And then you get to Voisin in 2016. And Voisin is, again, about the use of force and whether a reckless act suffices as a use of force. There Justice Kagan explains that neither party pretends that the term use has any particular common law definition as opposed to force. We are here saying that a direct application or indirect application, that is about use, not force. So Rico Mejia is wrong to say that Castleman's analysis doesn't apply. Now, if Rico Mejia were the first opinion here, we couldn't be making a rule of orderliness argument. We recognize the rule of orderliness. But critically, Rico Mejia came after Howe and Mendez Enriquez. And in Howe and Mendez Enriquez, this court applied Voisin beyond the domestic violence context. How could that have happened if Voisin, and by extension Castleman, only applied to the domestic violence context? The government's point is simply that either both of the opinions must apply in terms of their analysis of what it means to use force. Must apply more broadly, or neither of them can. And in fact, at one point, I think my friend understands this because in their reply brief, they argue that Howe and Mendez Enriquez were wrongly decided. Why are they wrongly decided? Because in their view, Voisin is limited to the domestic violence context. So it's either both of them apply more broadly or neither of them do. And because Howe and Mendez Enriquez came first and they're applying it more broadly, it necessarily must follow that Castleman does too. We understand that they involve different issues, recklessness versus the causation of physical injury. We're just saying that the results could not obtain. And you understand that for you to win on your rule of orderliness point, we would have to decide that Rico Mejia doesn't follow rule of orderliness, but also that the new case doesn't follow the rule of orderliness. The argument was strictly raised in that case, and the court chose to follow Rico Mejia. I understand. I readily understand the argument and the uphill battle that we face, but we do stand by it, and that's why we're making it. But didn't Voisin deal exclusively with the level of culpability required for use? It had to do with, yes, it had to do with the mens rea, whether a reckless act was a use of force. But it's still more generally about what it means to use force. And that goes back to Castleman, where we're saying part of the — But it dealt exclusively with that issue, then. You're agreeing with me that that's what it dealt with, Voisin? I'm agreeing that that was the holding of Voisin was that a reckless act qualifies as a use of force in the misdemeanor of domestic violence context. What I'm saying more broadly is that it was construing what it means, the term use. And that's a Part 2B of Castleman also does. Counsel, before you leave 16A, can you address, assuming you were correct and that either the Supreme Court or this court would revisit its Castleman determination to fall more in line with the other cases that you've cited, the opposing counsel says that they still win under 16A.  Sure. This is the argument that Texas's definition of bodily injury doesn't rise to the level of violent force. Just to make it clear, this argument was raised for the first time in the reply brief. It was not — whether Texas bodily injury requires violent force was not raised in the opening brief. It was not raised in the district court as an argument as to why it wouldn't qualify. So ordinarily, I think it would be forfeited. Having said that, assume that it were properly before the court. The 16B argument wasn't really raised in the district court, and they're not — but never mind. Sure. But even assuming it were, Texas bodily injury under 1.07 is defined as physical pain, illness, or any impairment of physical condition. Curtis-Johnson, which is defining violent force, is force capable of causing physical pain or injury. The two definitions go hand in hand. We also have from this Court published precedent such as Hernandez-Hernandez, where this Court stated that a painful and obvious injury readily meets this standard. Also, Ovalle-Chun — these cases are cited in the government's brief — they're saying impairing one's condition is a violent force. As Justice Scalia's concurrence also states in Castleman, a mere slap in the face suffices. This minimal injury, it doesn't work because, again, Texas's definition of bodily injury just matches Curtis-Johnson. What they're trying to distinguish is that mere offensive touching isn't enough. Would pushing fall under both of them? I don't — I guess it — I'm sorry? Do you know from Texas case law whether pushing would be enough? I'm not sure because I think it would also depend on what is the result of the push. So, for example, if somebody were to just push me and there's no injury that results from that, I don't think it would qualify under bodily injury. But if it's a more forceful push that causes bruising, then it might qualify. But this is just your — there's not a case that we're citing on this point at this point. Not that I'm aware of. I'm happy to supplement. No, I'm not asking. Okay. Do you — unless somebody else has a question about 16A, you might want to move to 16B. Certainly, Your Honor. 16B, just as a threshold matter on 16B, the as-applied argument is preserved. The — whether it's unconstitutionally vague is not. It's on plain-error review. I do think this Court, whether 16B as-applied applies to Mr. Gracia-Conto would be a factor in the fourth prong should Garcia-Demeyer hold 16B to be unconstitutionally vague. Let me just assume that 16B is not held unconstitutionally vague. Gonzales and Gloria makes it clear. 16B concerns the ordinary case. The ordinary case of family assault violence is not placing bleach in a family member's IV. It is not transmitting HIV to a family member. It is not sending a tweet to a family member. Although, again, as I pointed out, that Ravello case is merely in the indictment stage. There are no Texas appellate courts upholding a conviction under that theory. What is the ordinary case of Texas family violence assault? It's a physical confrontation between two family members. In Espinoza, which the government has cited, this Court held that bodily injury assault under A-1 without the B-2 component. That assault is purposeful, is violent, and aggressive in nature, and it requires a confrontation that leads to bodily injury. That applies equally here, especially in the context of family violence assault. As the government stated in one of its responses to the 28-J, we are not relying on the prior domestic violence conviction in terms of the categorical approach. What we are relying on is who the current offense must be committed against, which is a family member. Gonzales and Gloria does support the government's argument. Without question, Gonzales and Gloria was about the issue of vagueness, and as applied, but its rationale still extends here. Here is the quote from Gonzales and Gloria. 2201B-2 is in that category of crimes that, while capable of being committed without the use of physical force, always entails a substantial risk that physical force will be used. We think that is directly on point here. And while it does not, while Gonzales and Gloria does not foreclose the argument, which is why this Court denied the government's motion for summary affirmance, it certainly strongly supports the government's argument. Also, one other case cited in the government's briefing is the unpublished opinion in Galvis Morales, which says that the offense of intentionally and knowingly causing bodily injury to another person involves a substantial risk that the person will use force to commit the offense. This offense squarely fits under 16B's rubric, which is why, as I began, the simplest path would be for this Court to simply affirm on 16B grounds. We just recognize that that may not be a possibility, depending on what the Court does with Garcia-DeMaio. Are you asking us to wait? No, we're not. We haven't made that request. We're not opposed. If that's what the Court wants to do, I know that's what the Court did in Medina-Osorio, which was argued in November. The government isn't opposed. Again, we want an opinion. And I am hoping that when the Court resumes, and I think they're going to issue opinions later this month, that hopefully that will be on the docket, but we don't know. No, we are not formally requesting that the Court wait. But this case has been waiting a while. Absolutely, it has. And so if the Court wants to decide it, then right now, the 16B, whether it's unconstitutionally vague, that's foreclosed by Gonzales and Goria, and this Court could proceed immediately to rule on 16B grounds. If the Court has no further questions, we respectfully request that you affirm the judgment of the District Court. Thank you. I have just a couple of points. First, I want to respond to what the government said about the bodily injury argument being raised only in the reply brief. I believe that may be true, but I would also point out that rule is generally a discretionary rule that this Court applies and sometimes does not apply based on sort of the equities of the situation. And I think here where both parties' arguments have evolved from what they were in the District Court because of the length of time this case has been pending and because of the intervening change in precedent, there's no reason to strictly adhere to that sort of a rule, particularly when the government has also raised arguments on appeal that were not raised in the District Court. So I just did want to point that out. On the question of Gonzales-Longoria and the 16B analysis, I actually think Gonzales-Longoria makes clear that this ordinary case analysis, if it applies in 16B, is not the same as the ordinary case analysis that we're all used to discussing in the context of Johnson and ACCA and that residual clause being vague. Specifically, the only time I believe the Court discusses this ordinary case analysis is when it is talking about the Johnson majority holding that that residual clause required the Court to, quote, imagine how the idealized ordinary case of the crime subsequently plays out and then judge the risk of injury from that hypothetical ordinary case. But the Gonzales-Longoria opinion goes on to say that the analysis under 16B is more bounded and requires instead the Court to look at whether the offense naturally involves a person acting in disregard of the risk that physical force might be used. So it's not, I don't believe it is the same hypothetical ordinary case. What we're looking at is the elements of the offense and whether the elements of the offense always involve a substantial risk of violent force. And many of the arguments we're making here were not presented to the Gonzales-Longoria Court because the merits of 16B were simply not before the Court. So it had no reason to address the level of bodily injury required in Texas  So Gonzales-Longoria just does not say anything about the merits of 16B. Its discussion is about the notice component of the vagueness analysis. You're not asking us to wait for Damiah, are you? No, I'm not, because I think we win under the merits of 16B. I don't think there's any reason to wait for Garcia-Damiah on the vagueness question. Lastly, I did want to just briefly touch on Boisnin again. I know the Court is familiar with the arguments, but the government's rule of order in this argument is that Boisnin resolved all of this and that Rico Mejia is inconsistent with Boisnin. But as the Court has indicated, it's aware Boisnin was about a completely different issue. It was about whether reckless conduct can qualify as the use of force. And this Court's opinions, including Howell and Mendez Enriquez that apply Boisnin, are also about that issue. None of those cases have anything to say about the causation of bodily injury, and none of them disturb the precedent that causing bodily injury is not the same as using force in the crime of violence context. And I would also point out that as I read Reyes-Contreras, the case from this week, it's not relying only on Rico Mejia. It conducts its own analysis, looks at Castleman, says Castleman made a distinction between misdemeanor crimes of domestic violence and crimes of violence. Rico Mejia also made this distinction. So yes, we are bound by Rico Mejia, but also Castleman itself made a distinction that the same analysis does not apply under the misdemeanor crimes of domestic violence and crimes of violence. So I think there's two parts to that. It's not just saying that it's following Rico Mejia. The opinion also does its own analysis of the merits of the argument. And again, as the court has noted, it's aware the government made all of these arguments based on Voisin to the Reyes-Contreras court, and even the concurrence that takes issue with this rule about the causation of bodily injury does not even mention Voisin. So while I, of course, agree that internal silence is not binding, I think here it's quite illuminating as to the viability of the government's Voisin-based arguments. If there are no further questions, I ask the court to reverse and remand for resentencing. Thank you. Thank you. Thank you. Counsel for both those.